# United States District Court
## Eastern District of California

| | |
|---|---|
| SUNNY LYNNE KNAUFF, | 08-CV-00601 TJH |
| Petitioner, | |
| v. | |
| | Order |
| TINA HORNBEAK, Warden, | |
| Respondent. | |

Petitioner was arrested after individuals had reported to the police that she had shot a man in a plot to rob him of money and drugs.  She entered into a plea agreement of no contest to voluntary manslaughter with an admission that she had used a gun in the commission of the crime.

Prior to petitioner's sentencing hearing, petitioner's counsel stated in court that she was declining to be interviewed by probation.  Petitioner, subsequently,  was interviewed by probation despite this request, and the interview was included in the presentence report.  The presentence report, also, disclosed that petitioner had three prior misdemeanor convictions for writing bad checks, drug possession, and being

under the influence of a controlled substance.  The report, further, revealed that she had been referred to a drug diversion program and was on probation when she committed the crime.

The court sentenced her to the upper-term sentence for both the substantive offense and the firearm enhancement, a sentence of twenty-one years.  When imposing the upper term on the substantive offense, the court relied on the following aggravating circumstances:  The crime involved great violence (California Rules of Court 4.421(a)(1)); The victim was particularly vulnerable (California Rules of Court 4.421(a)(3)); Petitioner's entry into the victim's home was premeditated (California Rules of Court 4.421(a)(8)); and Petitioner was on probation at the time she committed the offense (California Rules of Court 4.421(b)(4)).  In imposing the upper-term on the firearm enhancement, the court relied on the following aggravating circumstances:  Petitioner showed the firearm; Used it; and Discharged it (California Rules of Court 4.428(b) as it read prior to May 23, 2007).

Petitioner filed a writ of *habeas corpus* in state court alleging that: (1) The trial court violated her Fifth and Fourteenth Amendment rights against self-incrimination and due process by imposing the upper-term sentence based on statements petitioner made during a presentence interview, after petitioner's counsel had stated on the record that she would not consent to an interview with probation; and (2) The trial court violated petitioner's Sixth and Fourteenth Amendment rights to a trial by jury and due process by sentencing her to upper-term sentences based on factors that were neither found within the plea, nor determined by a jury and proved beyond a reasonable doubt.  Her petition was denied.  Petitioner then filed a writ of *habeas corpus* in this Court.

Under the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254, a *habeas* petition pursuant to the judgment of a state court shall not be granted, with

respect to any claim that was adjudicated on the merits in state court proceedings, unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Cary v. Musladin*, 549 U.S. 70, 74, 127 S. Ct. 649, 652-53, 166 L. Ed. 2d 482, 487 (2006).

Federal *habeas* review is barred if a state court declined to address a prisoner's federal *habeas* claims because the prisoner failed to meet a state procedural requirement. *Coleman v. Thompson*, 501 U.S. 722, 729-31, 111 S. Ct. 2546, 2553-54, 115 L. Ed. 2d 640, 656-57 (1991). For the claim to be federally barred, the state court decision to decline to address a claim must rest on a state law ground that is independent of a federal question and adequate to support the judgment. *Coleman,* 501 U.S. at 729. To qualify as an independent ground, the state law basis for the decision must not be interwoven with federal law. *La Crosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001). To qualify as an adequate ground, the state rule must be well-established at the time of the default and consistently applied. *Bennett v. Mueller*, 322 F.3d 573, 583 (9th Cir. 2003), *cert. denied*, 540 U.S. 938, 124 S. Ct. 105, 157 L. Ed. 2d 251 (2003).

Under California law, absent a strong justification, a *habeas* petitioner is prohibited from raising claims that were not, but could have been, raised on direct appeal. *Fields v. Calderon*, 125 F.3d 757, 762 (9th Cir. 1997). After 1998, a denial of a state *habeas* petition based on that rule is considered not to be interwoven with federal law, and is an independent state procedural ground. *Bennett*, 322 F.3d at 582-83. The ultimate burden of proving that the rule is an adequate bar is on the state, however, once the state has pled the existence of an independent and adequate state

procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner.  *Bennet*, 322 F.3d at 585-86.  The petitioner may satisfy this burden by asserting specific evidence that demonstrates the inadequacy of the state procedural rule, which would include citing to authority that demonstrates the inconsistent application of the rule.  *Bennet*, 322 F.3d at 585-86.  Petitioner knew, or should have known, the factual and legal basis of her first claim on the date of her sentencing, November 1, 2004.  Yet, petitioner's direct appeal in state court in February, 2005, did not contain her claim that the trial court violated her Fifth Amendment rights.  Petitioner delayed raising the claim until she filed her first *habeas* petition in state court on September 20, 2006.  When the state court denied petitioner's *habeas* petition it stated that the claim was procedurally barred because it could have been, but was not, raised on appeal.  Furthermore, after the state pled the existence of the procedural bar as an affirmative defense, petitioner asserted no evidence to demonstrate the inadequacy or inconsistent application of the rule. Therefore, petitioner's first claim is procedurally barred.

Even if petitioner's first claim were not procedurally barred, it should be denied *habeas* relief because the claim is without merit.  When a presentence report contains information not proper to be determined by a court, the reviewing court must assume that the trial court was not influenced by irrelevant matters.  *In re Contreras*, 45 Cal. App. 3d 549, 555, 119 Cal. Rptr. 757, 761 (1975).  At petitioner's sentencing hearing, it was noted that probation had interviewed her against her in-court request. However, the court stated that it "[was] not relying on the statements of [the petitioner] in reaching the sentencing choices it must make."  The court, also, made no reference to any statements made by petitioner to the probation officer when it stated its reasons for imposing the upper-term sentence.  Furthermore, petitioner offers no evidence that the court used her statements made to the probation officer in

1   determining her sentence.  Therefore, the trial court did not violate petitioner's Fifth

2   and Fourteenth Amendment rights, and she is not entitled to *habeas* relief on this

3   claim.

4        Petitioner, also, alleges that the trial court violated her Sixth and Fourteenth

5   Amendment rights by sentencing her to upper-term sentences based on aggravating

6   factors not established in her plea or found by a jury.  Under the Sixth Amendment,

7   any fact, other than a prior conviction, that increases a sentence beyond the

8   proscribed statutory maximum, must be reflected in a jury verdict or admitted by the

9   defendant.  *Cunningham v. California*, 549 U.S. 270, 281-83, 127 S. Ct. 863-65, 166

10  L. Ed. 2d 856, 869-71 (2007).  The middle term prescribed in California's statutes, not

11  the upper term, is the relevant statutory maximum.  *Cunningham*, 549 U.S. at 288.

12  Only one aggravating factor is necessary to authorize an upper-term sentence.  *Butler*

13  *v. Curry*, 528 F.3d 624, 640 (9th Cir.), *cert. denied*, 555 U.S.1089, 129 S. Ct. 767,

14  172 L. Ed. 2d 763 (2008).  Any judicial fact-finding, therefore, is harmless if it is not

15  prejudicial as to just one of the aggravating factors at issue.  *Butler*, 528 F.3d at 648.

16  Under California Rules of Court 4.421(b)(4), the fact that a defendant is on probation

17  at the time the crime is committed can be an aggravating factor used to impose an

18  upper-term sentence.  A state court would not be acting contrary to, or applying an

19  unreasonable application of clearly established federal law, as determined by the

20  Supreme Court, if it concluded that a defendant's probation status falls under the

21  "prior conviction" exception and, thus, does not need to be determined by a jury.

22  *Kessee v. Mendoza-Powers*, 574 F.3d 675, 677 (9th Cir. 2009).  The trial court listed

23  as an aggravating factor that petitioner was on probation when she committed the

24  crime.  Petitioner's probation status at the time the crime was committed did not need

25  to be found by a jury or contained in the plea in order for the court to use it as an

26  aggravating factor because it falls within the prior conviction exception.  Since, under

1   California law, a trial court only needs one aggravating factor in order to impose an

2   upper-term sentence, any other aggravating factor found by the trial court that

3   amounted to judicial fact-finding was harmless.  Thus, the trial court did not violate

4   petitioner's Sixth and Fourteenth Amendment rights when it sentenced her to the

5   upper-term sentence on the substantive offense, and petitioner is not entitled to

6   *habeas* relief on this claim.

7        Petitioner, additionally, alleges that the trial court violated her Sixth and

8   Fourteenth Amendment rights when it imposed the upper-term sentence on the gun

9   enhancement charge.  When a defendant pleads guilty, the state is free to seek judicial

10  sentence enhancements so long as the defendant either stipulates to the relevant facts

11  or consents to judicial fact-finding.  *United States v. Booker*, 543 U.S. 220, 276-77,

12  125 S. Ct. 738, 774, 160 L. Ed. 2d 621, 671 (2005).  However, a fact used to enhance

13  a defendant's prison sentence may not be used as an aggravating factor to impose an

14  upper term sentence on the substantive offense.  *Cunningham*, 549 U.S. at 280-81.

15  Under California Penal Code 12022.5(a), a trial court may enhance a prison sentence

16  if a defendant uses a firearm in the commission of a felony.  The actual discharge of

17  a firearm can be an aggravating factor used to impose an upper-term sentence of an

18  enhancement.  *People v. Ybarra*, 166 Cal. App. 4th 1069, 1096, 83 Cal. Rptr. 3d 340,

19  363 (2008).  Petitioner pleaded no contest to voluntary manslaughter and admitted to

20  using a gun in the commission of the crime.  The presentence report revealed that the

21  victim died from a gunshot wound to the head.  Because petitioner admitted to using

22  a gun and to causing the death of the victim, she admitted to discharging the gun.

23  Thus, the issue did not need to be presented to a jury and proved beyond a reasonable

24  doubt for the court to use it as an aggravating factor.  The trial court did not violate

25  petitioner's Sixth or Fourteenth Amendment rights when it imposed the upper-term

26  sentence for the firearm enhancement, and she is not entitled to *habeas* relief.

1

2          It is Ordered that the petition for writ of *habeas corpus* be, and hereby is,

3     Denied.

4

5     Date:   July 31, 2012

6                                              _____

7                                                          _

8                                                      Terry J. Hatter, Jr.
                                               Senior United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26